JUSTO ÁLVAREZ, Plaintiff and Appellee, v. THE AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appel-lant.

PABLO ÁLVAREZ, Plaintiff and Appellee, v. SAME.

RESTITUTO ÁLVAREZ, Plaintiff and Appellee, v. SAME.

Nos. 6820, 6821, and 6822. Argued May 1, 1935.—Decided May 9, 1935.

*M. Acosta Velarde* for appellant. *García Méndez & García Méndez* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

These three actions were brought in the District Court of Aguadilla, against the defendant corporation, for damages caused to the plaintiffs as the result of an accident which occurred on March 28, 1934, in the judicial district of Aguadilla, and which is attributed to the negligent handling of one of the trains of the defendant by one of its employees.

The defendant was summoned in the person of its Acting Manager, Mr. Vassallo, in San Juan, filed motions to strike in the three actions, and requested the removal of the same to the District Court of San Juan, on the ground that it was a foreign corporation authorized to do business in Puerto Rico, with its main office in San Juan, and that the actions were personal, and solely for the recovery of certain sums of money.

The district court denied the removals, on the basis of the provisions of subdivision 1 of section 79 of the Code of Civil Procedure, as amended by Act No. 34 of 1928 (Session Laws, p. 224).

Thereupon the defendant appealed. The consolidation of the appeals was requested and granted for the purposes of the briefs and the hearings. We will also consider them jointly since the same question is involved in all of them.

The said subdivision 1 of section 79 of the Code of Civil Procedure, 1933 ed., provides in its pertinent part as follows:

"Actions for the following causes must be tried in the district where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1.— . . . . to recover damages under section 1803 of the Civil Code . . . . .

"2.—    *    *    *    *    *    *    *"

The appellant maintains that since the actions in these cases were brought in accordance with section 1804 (sec.

1803, 1930 ed.)—and not with section 1803 (sec. 1802, 1930 ed.)—of the Civil Code, the decisions appealed from should be reversed.

The district court decided this contention against the defendant on the following reasoning:

"Section 1804 of the Civil Code provides that the obligation imposed by section 1803 is enforcible, not only for personal acts and omissions, but also for those of persons for whom another is responsible.

"The obligation to repair the damage caused by acts or omissions, when there is fault or negligence, is a responsibility established absolutely by the Civil Code, being applicable to personal acts and omissions as well as to those of the persons for whom one should be responsible. The obligation is not subsidiary but direct."

The reasoning stands, in our opinion, despite the effort made by the appellant in its brief to destroy it.

It was sufficient for the lawmaker to refer to the basic section of the chapter of the code which deals specifically with the obligations which arise from fault or negligence for his thought to be fully expressed.

The said section provides that: "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." And section 1804 (sec. 1803, 1930 ed.) then goes on to provide that: "The obligation imposed by the preceding section is demandable, not only for the acts and omissions of a person but also for those of the persons for whom he should be responsible."

The conclusion reached by the district court is not weakened by the fact that, in commenting on the corresponding sections of the Spanish Civil Code, Manresa says in his "Comentarios" that: "The obligation imposed by section 1903 on those who are responsible for other persons is not subsidiary, but direct, as is required by the cause which gave

rise to the obligation; and the law establishes it by reason of the failure to comply with the duties imposed by the special relations of authority or superiority which exist between the one who is to repair the damage and the one who caused it by his acts or omissions," (Manresa, *Comentarios al Código Civil,* vol. 12, p. 651), and Maura in his *"Dictámenes"* says that persons who should be responsible for others are not sued in subsidiary actions, but directly and separately, in the civil courts (Maura, *Dictámenes,* vol. 6, p. 512). On the contrary, it is strengthened thereby.

Section 1804 (sec. 1803, 1930 ed.) fixes the scope of section 1803 (sec. 1802, 1930 ed.); it supplements the latter, by providing that the obligation to repair is enforcible, not only for personal acts and omissions in which there is fault or negligence, but also for those of persons for whom another is responsible. After providing this, it establishes the different relations between the persons which it comprises, and the applicable rules.

The motives guiding the lawmaker in extending the obligation might be variously interpreted, but the fact is that he imposed the obligation, and that the rule of section 1803 (sec. 1802, 1930 ed.) is applicable not only to the case where the action for damages is brought against the person directly causing the damage through fault or negligence, but also to the case where it is brought against the person responsible for the acts of the person whose fault or negligence caused the damage, and the actions in both cases should be tried in the district where the cause of the litigation arose, as provided by section 79 of the Code of Civil Procedure, 1933 ed.

The three decisions appealed from must be affirmed in separate judgments.